Dear Mr. Gauthier:
You ask this office to define the proper procedure to follow upon the resignation of an elected chief of police in a Lawrason Act municipality.
Pursuant to R.S. 18:581(1), a vacancy in an elective office is defined as follows:
 (3) "Vacancy" occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation,
removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences, or when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding, or when an office is created due to a reclassification of a municipality. (Emphasis added).
The requirements for an elected official's resignation are set forth in R.S. 18:652, stating:
 § 652. Retirements and resignations
 A. Except for members of the legislature and the congress, all notices of retirements or resignations of elected officials shall be filed with the secretary of state. Notices of retirements and resignations of members of the legislature shall be filed with the presiding officer of *Page 2 
the house of the legislature to which the member of the legislature was elected.
 B. A notice of retirement or resignation shall be in writing, shall be dated, may specify a prospective date on which the retirement or resignation is to be effective, and shall be signed by the official and duly acknowledged by him before an officer authorized to administer oaths.
The law requires the secretary of state to notify the appointing authority of the resignation, as directed by R.S.18:653, stating:
 § 653. Transmission of notices of requirements and resignations
 The secretary of state shall immediately transmit notice of retirements or resignations filed with him to the authority required by law to make the appointment to fill the vacancy and to the authority required by law to call the election to fill the vacancy, if said authority is not the same as the authority required to make the appointment.
R.S. 18:654 states that the resignation is irrevocable upon receipt by the secretary of state. At this point, a vacancy in the office of the elected chief of police occurs and the municipal governing authority must take steps to fill the vacancy pursuant to R.S. 18:602. If there remains more than one year on the unexpired term as of the date of the vacancy, the governing authority must, within ten days after the vacancy occurs, issue a proclamation ordering a special election to fill the vacancy, pursuant to R.S. 18:602 E(2)(a),(b),(c) and (d) stating:
 (2)(a) If the unexpired term exceeds one year, the governing authority of the local governmental subdivision in which the vacancy occurs, or the school board when the vacancy occurs in its membership, or the governor when a vacancy occurs in the office of district attorney or in an office for which there is not a single governing authority or as provided in Subsection F, within ten days after the vacancy occurs, shall issue a proclamation ordering a special election to fill the vacancy and shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held and, in accordance with R.S. 18:467, 467.1, and 468, the dates of the qualifying period for candidates in the special election. However, if the deadline for issuing the proclamation falls on a Saturday, Sunday, or other legal holiday, then the next day which is not a Saturday, Sunday, or legal holiday shall be deemed to be the final day for issuing such *Page 3 
proclamation. In selecting the dates for such special elections, the governing authority or school board as the case may be, may choose a gubernatorial or congressional election date if such date is available within a year of the occurrence of the vacancy or may select an election date in accordance with R.S. 18:402. In the cases in which the governor has the authority to select the date for such special elections, the governor shall first choose a gubernatorial or congressional election date. If no such date is available within a year of the occurrence of the vacancy, the governor shall then select an election date in accordance with R.S. 18:402. If the governing authority or school board fails to issue the proclamation within ten days after the vacancy occurs, the governor shall issue the proclamation.
 (b) Immediately thereafter the governing authority, the school board, or the governor, as the case may be, shall publish the proclamation in the official journal of each parish in which the election is to be held.
 (c) Within twenty-four hours after issuing the proclamation, the authority or authorities ordering the special election shall send a copy of the proclamation, by certified or registered mail, to the clerk of the district court for the parish in which the vacancy occurred. If the vacancy occurred in the parish of Orleans, the copy of the proclamation shall be so mailed to the clerk of the criminal district court. If the vacancy occurs in an office which affects more than one parish, a copy of the proclamation shall at the same time be so mailed to the clerk of each of the parishes. A copy of the proclamation also shall be mailed to the secretary of state at the same time and in the same manner.
 (d) Within twenty-four hours after he receives the copy, the secretary of state shall notify all election officials having any duty to perform in connection with a special election to fill such vacancy, including the parish boards of election supervisors for the parish or parishes in which the vacancy occurred.
Finally, note that the governing authority must appoint an individual meeting the qualifications of office to fill the position of elected chief of police until the election can be held. The individual filling the vacancy on an interim basis may qualify for this position at the subsequent election. The qualifications of office are set forth in R.S. 33:385.1, stating: *Page 4 
 § 385.1. Qualifications of elected chief of police
 A. Except as otherwise provided in this Section, an elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.
 B. The elected chief of police of a village shall be an elector of the village who at the time of qualification as a candidate for the office of chief of police shall have been domiciled for at least the immediately preceding six months in the village.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 Attorney General
 BY: _________________________
 KERRY L. KILPATRICK
 Assistant Attorney General